446 F.2d 648
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Joseph McCLAIN, Defendant-Appellant.
No. 29224 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Aug. 3, 1971.
 
 Kelly S. Brown, Miami, Fla., Stanley H. Nylen, Atlanta, Ga., for defendant-appellant.
 John W. Stokes, Jr., U.S. Atty., J. Owen Forrester, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 A careful review of the record in the case below shows there is no merit to the assertions of error[1] by the appellant at the trial or of the district court judge's subsequent denial of the two extraordinary motions for a new trial.
 
 The judgment is therefore
 
 2
 Affirmed.
 
 
 
 [1]
 On this appeal, the assertions of error by the appellant are:
 
 
 [1]
 Whether the proof of an offense not charged in the indictment and the introduction of evidence obtained upon the arrest of McClain for that offense for the purpose of showing, scheme, knowledge, and intent were error?
 
 
 [2]
 Whether introduction of the objected to exhibits was error when two of these exhibits were obtained from McClain before he was advised of his rights?
 
 
 [3]
 Whether admission of evidence of McClain's flight and concealing of evidence and evidence relating to the mass theft of identification and credit cards was error?
 
 
 [4]
 Whether denial of McClain's two extraordinary motions for new trial based on 'recantation of testimony,' 'newly discovered evidence,' and 'suppressed evidence' when one of the motions was denied without a hearing on the basis of affidavits alone was error?
 
 
 [5]
 Whether the court's instruction on forgery when forgery was not an element of the offense charged was error?
 
 
 [6]
 Whether the total effect of the errors complained of including McClain's being brought into the courtroom handcuffed and the closing remarks of the prosecution constitute error even if any one alone does not?